

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2004

# USA v. Ruggiero

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Ruggiero" (2004). *2004 Decisions.* Paper 610.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/610

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

NO. 03-4331

————

UNITED STATES OF AMERICA,

v.

BARBARA ANN RUGGIERO

Barbara Ruggiero,
Appellant

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-00397)
District Judge: Hon. Anne E. Thompson

————

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before: SCIRICA, *Chief Judge*, RENDELL, and ALARCÓN*, *Circuit Judges*

(Filed: June 7, 2004)

————

OPINION OF THE COURT

ALARCÓN, *Circuit Judge*.

Barbara Ruggiero pleaded guilty to one count of conspiracy to commit mail fraud,

———————————

*    Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

a violation of 18 U.S.C. § 371. At sentencing, the district court applied a two-point offense level enhancement based on its determination that Mrs. Ruggiero was "an organizer, leader, manager, or supervisor" in the criminal conspiracy to which she pleaded guilty. United States Sentencing Guidelines ("USSG") § 3B1.1(c). The district court also applied a two-level sentencing enhancement pursuant to section 3B1.3 of the Guidelines after finding that Mrs. Ruggiero abused a position of trust to "facilitate[] the commission or concealment of the offense." USSG § 3B.13.

Mrs. Ruggiero contends that the district court's findings were clearly erroneous. We affirm because we conclude, after reviewing the record, that the district court did not clearly err in finding that a two-level "organizer" enhancement was appropriate, and that Mrs. Ruggiero abused a position of trust in order to facilitate and conceal her crimes.

I

On June 22, 1998, Mrs. Ruggiero was employed as a Claims Team Manager II by the Liberty Mutual Insurance Company ("Liberty Mutual"). Her position gave her supervisory authority over twenty employees and the authority to authorize the payment of insurance claims up to $100,000. On that date, she was fired because her employer had discovered that eighty-three claim checks were issued by her without any supporting documentation.

Liberty Mutual filed a civil action against Mrs. Ruggiero and ten other persons on April 18, 2000 to recover the amounts it lost as a result of fraudulent claims.

2

Mrs. Ruggiero allowed a default judgment to be entered against her. On August 2, 2002, the court entered a judgment against Mrs. Ruggiero and four other defendants awarding Liberty Mutual $5,962,785.36.

The Government filed an Information against Mrs. Ruggiero on May 22, 2003, in which she was charged with conspiracy to use the mails in the execution of a scheme to commit fraud in violation of 18 U.S.C. § 1341. Prior to that date, the Government and Mrs. Ruggiero's counsel entered into a plea agreement in which she accepted responsibility for engaging in the mail fraud scheme. The Information alleges that Mrs. Ruggiero conspired with others to obtain money from Liberty Mutual by means of false and fraudulent pretenses, representations, and promises by sending claim checks through the mail to Mrs. Ruggiero's family members and associates. The Information also alleges that Mrs. Ruggiero received kickbacks of as much as 60 percent of the amount of the fraudulent claim checks.

On May 22, 2002, Mrs. Ruggiero appeared before District Judge Anne E. Thompson. Mrs. Ruggiero waived prosecution by indictment and filed an application for permission to enter a guilty plea. In response to the court's questions, Mrs. Ruggiero testified under oath that, as a claims manager, she had the power to issue claim checks up to $100,000, but not to family members or relatives. She also admitted that she received as much as 60 percent of the face value of the fraudulent claim checks in return for issuing them to family friends and relatives. She further testified that she issued

fraudulent checks to the twelve persons identified in the Information. The district court accepted Mrs. Ruggiero's guilty plea after admonishing her of her constitutional rights and the consequences of pleading guilty.

On July 17, 2003, a United States probation officer filed a presentence investigation report ("PSR") with the court, and served copies on the parties. On July 30, 2003, Mrs. Ruggiero's counsel objected to the probation officer's recommendation that she receive a two-point adjustment as an organizer, leader, or supervisor of the conspiracy under U.S.S.G. § 3B1.1(c ) because "there is no concrete evidence as to how the checks were issued nor who issued the checks." Defense counsel also objected to the probation officer's recommendation that she abused a position of trust under § 3B1.3 because "the record is devoid of sufficient proofs regarding Barbara Ruggiero's role in this offense."

The district court rejected the defense's objection to the PSR and found that Mrs. Ruggiero was a leader of the conspiracy, and that she abused a position of trust. The district court sentenced Mrs. Ruggiero to forty-months imprisonment and ordered her to pay $1,704,336.41 in restitution to Liberty Mutual. Mrs. Ruggiero has timely appealed the district court's sentencing decision.

II

Mrs. Ruggiero contends that the district court clearly erred in applying a two-point offense level increase based on its finding that she was an organizer, leader, manager, or supervisor in the conspiracy to commit mail fraud and in enhancing her sentence because

4

she violated a position of trust. Mrs. Ruggiero argues that the district court improperly relied on information in the PSR that was obtained from "a review of government documents, and telephone conversations with the case agent," and the unsworn statements of the United States Attorney. This court reviews a district court's factual findings in its sentencing decision for clear error. United States v. Mussayek, 338 F.3d 245, 252 (3rd Cir. 2003).

The Sentencing Guidelines provide that, in resolving a dispute concerning a factor important to a sentencing determination, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence"). This court has held that hearsay can be used in support of a sentencing decision so long as it has sufficient indicia of reliability to support its probable accuracy. United States v. Brothers, 75 F.3d 845, 848 (3rd Cir. 1996).

In his report, the probation officer summarized facts stipulated to in the plea agreement. In the plea agreement, Mrs. Ruggiero admitted that she was authorized to issue checks for Liberty Mutual on valid claims for up to $100,000. She also accepted responsibility for the crime of mail fraud.

5

During the plea proceedings before Judge Thompson, Mrs. Ruggiero admitted under oath that she authorized checks sent to family members knowing that she was not permitted to do so under company policy, and that such conduct was illegal. She also acknowledged that she received kickbacks in return for issuing fraudulent checks. This court has held that "facts relevant to sentencing contained in the indictment and plea agreement are conclusively established by the entry of a guilty plea even if they are not elements of the offense charged." United States v. Deckler, 64 F.3d 818, 823 n.7 (3rd Cir. 1995).

Mrs. Ruggiero's admissions in the plea agreement, and her plea of guilty to the allegations set forth in the Information conclusively demonstrate that she was an organizer, leader, manager, and supervisor of the conduct of her cohorts, and that she abused a position of trust.

Mrs. Ruggiero also maintains that she did not occupy a position of trust because Linda Frey, another employee, supervised her work. Pet'r Op. Brief at 28. She argues that this court's decision in United States v. Sokolow, 91 F.3d 396 (3d Cir. 1996) dictates that a position of trust exists only where the employee has "sole control" and operates "without oversight and supervision." Id. at 413. We disagree. The Guideline commentary notes that a person in a position of trust may be "subject to significantly *less* supervision" than other employees, but does not require that an employee be subject to *no* supervision. USSG § 3B1.3, cmt. n.1 (emphasis added). It is obvious that Ms. Frey's

6

supervision was inadequate to preclude Mrs. Ruggiero from abusing her authority to issue claim checks.

Based on the foregoing analysis, we affirm the district court's sentencing decision.